**CONTINUATION**

I, Zachary Eitrem, declare the following under penalty of perjury:

**INTRODUCTION, AGENT BACKGROUND, AND PURPOSE OF THE WARRANT**

1. The facts of this case, as more fully detailed below, reveal that Rodrigo MUNOZ-Diaz, a native and citizen of Mexico, was previously removed from the United States, and later reentered the United States without permission at an unknown date.

2. I am familiar with the information contained in this continuation based upon the investigation I have conducted and based on information provided to me by other law enforcement officers. The facts in this continuation come from my personal observations, training, experience, and information obtained from other agents and witnesses. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

3. Title 8, United States Code, Section 1326(a) criminalizes reentry without permission of aliens who have been previously removed. The elements of the offense are that: (1) the person is an alien; (2) the person was removed from the United States; (3) the person is thereafter found in the United States; and (4) the person did not obtain permission from the Attorney General to reapply for admission. The offense is punishable by up to two years in prison. 8 U.S.C. § 1326(a).

4. I, Border Patrol Agent (BPA) Zachary Eitrem, am a United States Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol. I have been employed in this capacity since January

25, 2016. Currently, I am assigned to the Sault Ste. Marie Border Patrol Station. As part of my duties as a Border Patrol Agent, I am authorized to investigate violations of laws of the United States, including violations pertaining to the reentry of removed aliens, in violation of U.S.C. § 1326(a) Reentry of Removed Aliens. I graduated from the Federal Law Enforcement Training Center's (FLETC) Training Program, where I was trained in immigration law.

5. This continuation contains information necessary to support a finding of probable cause to charge MUNOZ-Diaz with a violation of 8 U.S.C. 1326(a), which makes it a crime for any alien that has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter enters, or is at any time found in, the United States.

6. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and records checks of law enforcement databases. I have reviewed the official immigration file relating to MUNOZ-Diaz, which attests to the following.

### FACTS ESTABLISHING PROBABLE CAUSE

7. On October 8, 2015, MUNOZ-Diaz was encountered in the United States near Sasabe, Arizona and received an Expedited Removal with a five-year entry ban. MUNOZ-Diaz was removed via the Calexico, California Port of Entry on October 13, 2015.

8. On July 24, 2016, MUNOZ-Diaz was arrested near McAllen, TX by an

immigration official for a violation of 8 U.S.C. § 1326(a) and received a 20-year entry ban. MUNOZ-Diaz was removed from the United States via the Hidalgo Port of Entry on July 28, 2016.

9. On June 9, 2020, MUNOZ-Diaz was arrested near Sasabe, Arizona and received a Title 42 removal due to Covid-19 health concerns.

10. On February 14, 2025, MUNOZ-Diaz was stopped by United States Border Patrol near Cadillac, Michigan. I identified myself as a United States Border Patrol Agent and questioned MUNOZ-Diaz as to his immigration status. The 2013 Volkswagen Passat bearing Michigan license plate 7QGP69 was registered to Rodrigo MUNOZ-Diaz. I had previously identified this vehicle and record checks revealed MUNOZ-Diaz was illegally present within the United States. Through additional records checks prior to the vehicle stop, it was confirmed that MUNOZ-Diaz is Mexican citizen and unlawfully entered the United States at a time and place other than as designated by the Secretary of the Department of Homeland Security of the United States. I confirmed MUNOZ-Diaz's identity and MUNOZ-Diaz was arrested for violation of 8 U.S.C. § 1326(a) and transported to the Sault Ste. Marie, MI Border Patrol Station for further processing.

11. After arriving back at the Sault Ste. Marie Border Patrol Station, I issued and read Form I-214 Warning as the Rights to MUNOZ-Diaz. MUNOZ-Diaz advised he understood his rights and was not willing to talk without a lawyer present.

12. MUNOZ-Diaz was fingerprinted and photographed and these were

entered in the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). The results confirmed the identity of Rodrigo MUNOZ-Diaz and that he is a citizen of Mexico who has been previously removed from the United States. The record checks did not provide any evidence that MUNOZ-Diaz legally entered the United States or had been issued any legal immigration document to allow him to enter or remain in the United States.

13. Review of the administrative immigration file for MUNOZ-Diaz and queries in U.S. Border Patrol computer databases confirm no record exists of MUNOZ-Diaz obtaining the express permission from the Attorney General or the Secretary of the Department of Homeland Security to reenter the United States following his last removal.

## CONCLUSION

14. Based on my training and experience as a Border Patrol Agent and the information contained in this continuation, there is probable cause to believe that Rodrigo MUNOZ-Diaz reentered the United States after removal without the permission of the Attorney General or Secretary of Homeland Security, in violation of 8 U.S.C. § 1326(a), which makes it a crime to reenter the country following removal without permission of the Attorney General.